Dear Mayor Tregle:
This office is in receipt of your request concerning the Morgan City Municipal Fire and Police Civil Service Board as previously set forth in Atty. Gen. Op. 03-251, and you now indicate that you have three supplemental questions. These questions are as follows:
 1. Is the Board permitted to employ an attorney to represent it at the hearing stage?
 2. If the Board is allowed to employ an attorney to represent it at the hearing stage, whose obligation is it to pay the fees to the attorney?
 3. Since the City of Morgan City funds the Board, is the City obligated to approve the funds for the payment of fees of the attorney employed by the Board to represent it at the hearing stage?
In regard to Civil Service, R.S. 33:2537, Duties of the board, sets forth in Paragraph 5 as follows:
 Conduct investigations and pass upon complaints by or against any officer or employee in the classified service for the purpose of demotion, reduction in position or abolition thereof, suspension or dismissal of the officer or employee, in accordance with the provisions of this Part.
R.S. 33:2560 recognizes the tenure of persons in classified service shall be during good behavior, and the appointing authority may remove or take such disciplinary action as the circumstances warrant as provided therein. It further provides in every case of corrective or disciplinary action taken against a regular employee of the classified service, the appointing authority shall furnish the employee and the board a statement in writing of the action and the complete reasons therefore. Pursuant to R.S. 33:2561 any regular employee in the classified service who feels that he has been discharged or subjected to any corrective or disciplinary action without just cause may, within fifteen days after the action demand in writing a hearing and investigation by the board to determine the reasonableness of the action, and the board shall grant a hearing and investigation within thirty days after the written request.
Whereas R.S. 33:2561(B)(3) gives the Board "complete charge" of any hearings and investigations, and further provides it "may conduct it in any manner it deems advisable", we would conclude the mandate that the "Board shall * * * conduct investigations" and that all hearings and investigations "conducted by the Board" shall be open to the public, that the hearings must be conducted by the Board rather than an attorney employed to represent it.
This statute further provides after such investigation, if the evidence is conclusive the board may affirm the action of the appointing authority, but if it finds that the action was not taken in good faith for cause, the board shall order the immediate reinstatement or reemployment of such person. It then allows any employee under classified service and any appointing authority to appeal from any decision of the board or from any action taken by the Board which is prejudicial to the employee or the appointing authority.
The initial hearing of the Board is to be distinguished from the provisions as set forth in R.S. 33:2566 wherein the enforcement by the board is called into question in a judicial proceedings by the employee or appointing authority or the Board when any person fails or refuses to comply with the lawful orders or directions of the board. Therein the board may call upon the attorney general, or the chief legal officer of the municipality, parish or fire protection district under which the fire and police service functions, or employ independent counsel to represent it in sustaining this Part and enforcing it.
Having reached the conclusion that the Board cannot have an attorney to represent it at its initial investigation and hearing, your remaining questions become moot.
We hope this sufficiently answers your inquiries, but if we can be of further assistance, do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY:__________________________ BARBARA B. RUTLEDGE ASSISTANT ATTORNEY GENERAL
RPI/bbr
Date Released: August 11, 2003